ISLAND CITY NATIONAL BANK v. BANK OF INVERNESS ET AL.

[71 South. 565.]

EQUITY. *Parties. Who may join as plaintiff.*

Where one was induced to purchase stock by false representations and gave his promissory note therefor which was discounted by a bank's giving its certificate of deposit, which went into the hands of a third party who sued thereon. In such case the defrauded purchaser of the stock may join with the bank in suing such third party for a rescission and cancellation of the note and certificate of deposit and enjoining the suit by the third party, since the defrauded purchaser has no adequate remedy at law and the other parties are necessary parties, to any suit in which full relief is granted him.

APPEAL from the chancery court of Sunflower county. HON. E. N. THOMAS, Chancellor.

Injunction by Bank of Inverness and another against Island City National Bank. From a decree overruling a demurrer to the petition, defendant appeals.

On March, 24, 1913, appellees, the Bank of Inverness and W. B. Catlette, filed a bill in the chancery court against the appellant, Island City National Bank, for the purpose of enjoining the prosecution of a certain suit at law filed by appellant against the Bank of Inverness. The bill alleges that in October, 1911, an agent of the National Assurance Company, a corporation, entered into a contract with Catlette, whereby, it was to sell ten shares of its capital stock to Catlette for one thousand dollars, and that Catlette executed his note for the sum of one thousand dollars, payable in one year after date to the Bank of Inverness or bearer, and the Bank of Inverness by agreement issued to the National Assurance Company its certificate of deposit for nine hundred dollars payable one year after date and bearing interest at four per cent. per annum, it being the intention of the parties that the notes of Catlette should be discount-

ed by the Bank of Inverness in the manner above set out, and in consideration thereof the said National Assurance Company was to sell and deliver to Catlette a certificate for ten shares of the stock of said company. It is further alleged that false and fraudulent representations were made by the agent of said insurance company to Catlette, and that no capital stock was ever issued to Catlette, but that certain income-bearing certificates were sent him which he would not accept; and that afterwards the certificate of deposit came into the hands of the Island City National Bank, which brought an action at law against the Bank of Inverness to recover the amount due on said certificate of deposit. The prayer of the bill is for a rescission and cancellation of the contract and note issued by Catlette and held by the Bank of Inverness, and for a cancellation and surrender of the certificate of deposit issued by the Bank of Inverness and held by the Island City National Bank, and that said Island City National Bank be enjoined from further prosecution of the suit begun by it to enforce the payment of the certificate of deposit. The appellant demurred to the bill, alleging a misjoiner of Catlette as a party complainant, as Catlette had no community of interest with said bank and was not interested or connected with the suit at law sought to be enjoined. The court overruled the demurrer, and the defendant was granted an appeal to the supreme court.

*Chapman & Johnson,* for appellant.

*Moody & Williams,* for appellees.

SMITH, C. J., delivered the opinion of the court.

Conceding for the sake of the argument that the remedy at law of the Bank of Inverness is adequate, that of Catlette is not, and the Bank of Inverness and the holder of the certificate of deposit are necessary parties to

any suit in which full relief is granted him; for he can only escape liability on the note by establishing the non-liability of the Bank of Inverness on the certificate of deposit. The court below therefore committed no error in overruling the demurrer, and, since this is the only question presented to us by this record, its decree is affirmed, with leave to appellees to answer within thirty days after the filing of the mandate in the court below.

*Affirmed.*